IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Demetrius Alexander Brown, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:21-cv-00999-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sheriff Anthony Dennis, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Demetrius Alexander Brown ("Petitioner"), a state pre-trial detainee proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 5, 2021. (ECF Nos. 1; 8; 12). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Petitioner's petition without prejudice and without requiring Respondent to file a return. (ECF No. 13). Petitioner filed objections to the Report, (ECF No. 16), and this matter is now ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423

1

U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary

Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

3

## PROCEDURAL HISTORY

In the Report, the magistrate judge set forth the relevant facts and procedural history, *see* (ECF No. 13 at 2–3), and Petitioner does not object to that portion of the Report, *see* (ECF No. 16). Briefly, according to the Public Index records for Sumter County, South Carolina,[1] Petitioner is currently awaiting trial on the following pending state criminal charges: one count of murder; two counts of forgery of $10,000 or more; one count of selling or delivering of a firearm to, and possession by, certain persons unlawfully; and one count of possession of a weapon during commission of a violent crime. *See State of South Carolina v. Demetrius Alexander Brown*, Nos. 2018-A4310100670, 2018-A4310100681, 2018-A4310100682, 2018-A4310100696, 2018-A4310100697, Sumter County Public Index, https://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx (last visited July 26, 2021). Petitioner has been represented by multiple attorneys thus far in his cases, with his current attorney, Deborah J. Butcher, having taken over his representation on all charges on June 28, 2021. *See id*. Additionally, as Petitioner acknowledges in his Petition, his attorneys have filed motions on his behalf in each of his pending cases, including motions for bond, discovery and *Brady*[2] motions, and

---

[1] The court may take judicial notice of court and public records related to Plaintiff's criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks omitted)).

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

4

a motion to dismiss. *See id.*; *see also* (ECF No. 1 at 5).  Petitioner's most recent motion was a motion for bond filed on February 24, 2021. *See State of South Carolina v. Demetrius Alexander Brown*, No. 2018-A4310100697, Sumter County Public Index, Actions, https://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx (last visited July 26, 2021).

In his Petition, Petitioner also acknowledges that the state courthouses were closed for several months beginning in March 2020 as a result of the COVID-19 pandemic. *See* (ECF No. 1 at 15).  Nevertheless, Petitioner initiated this action on April 5, 2021, requesting habeas relief for not yet having a trial on his pending charges and seeking to have his state charges dismissed. (ECF Nos. 1; 1-3 at 7). The magistrate judge entered his Report on April 28, 2021, recommending the undersigned dismiss the Petition (ECF No. 1) without prejudice pursuant to the *Younger*[3] abstention doctrine and based on Petitioner's failure to exhaust his state court remedies. (ECF No. 13).  As noted above, Petitioner filed objections to the Report. (ECF No. 16).

## MAGISTRATE JUDGE'S REPORT

In his Report, the magistrate judge recommends that the undersigned dismiss the Petition without prejudice and without requiring Respondent to file a return.

---

[3] *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

(ECF No. 13 at 5). The magistrate judge first noted that, while "'pre-trial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him[,]' . . . '[a]n attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas corpus." *Id*. at 3 (quoting *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995); *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987)). Additionally, "federal habeas is available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction [only] if 'special circumstances' exist." *Dickerson*, 816 F.2d at 226–27 (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)); *see also* (ECF No. 13 at 4). The magistrate judge correctly noted that, when determining whether such special circumstances exist, "courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention." (ECF No. 13 at 4 (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975))). The magistrate judge found that Petitioner's speedy trial claims could be raised through state court motions, at trial, and on direct appeal such that, "[b]ecause Petitioner can pursue his claims in state court, he fails to demonstrate 'special circumstances[.]'" *Id*. at 4–5 (citing *Moore*, 515 F.2d at 443).

The magistrate judge then discussed the *Younger* abstention doctrine, which requires that a federal court "not equitably interfere with state criminal proceedings 'except in the most narrow and extraordinary of circumstances.'" *Id*. at 3 (quoting *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996))). In other words, a federal "court of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief." *Id*. (citing *Younger*, 401 U.S. at 43–44). The magistrate judge then properly noted that abstention is appropriate if "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Id*. (quoting *Martin Marietta Corp. v. Md. Comm'n of Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)) (internal quotation marks omitted). Applying this test to the current Petition, the magistrate judge found that all three criteria are met:

> The information contained in the Petition filed in this case, supplemented by public records, indicate that an ongoing state criminal proceeding exists. The second criteri[on] has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." The Court also addressed the third criteria in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'"

7

*Id*. at 4 (quoting *Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986); *Gilliam*, 75 F.3d at 903) (internal citations omitted). Thus, the magistrate judge concluded that Petitioner failed "to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment." *Id*. at 5. Accordingly, the magistrate judge concluded that "Petitioner is precluded from federal habeas relief at this time" and recommends that the Petition be dismissed. *Id*.

## DISCUSSION

Petitioner filed objections to the Report. *See* (ECF No. 16). However, Petitioner makes no specific challenges to any of the magistrate judge's findings or conclusions. *See id*. Instead, Petitioner's objections, liberally construed, merely repeat the same claims and arguments raised in the Petition, *compare id*., *with* (ECF No. 1), which the magistrate judge has already thoroughly considered, *see* (ECF No. 13). It is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13,

8

2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). The court agrees with the magistrate judge's analysis and conclusions and Petitioner's objections, therefore, are overruled.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 13), and incorporates it herein. Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without prejudice and without requiring Respondent to file a return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial

of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

                                                                                                         s/Timothy M. Cain  
                                                                                               United States District Judge

Anderson, South Carolina  
August 23, 2021